**FILED**

MAR 1 9 2002

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

WAYNE SMITH, individually, on
behalf of all others similarly
situated, and on behalf of the
general public,

                   NO. CIV. S-01-2271 WBS/DAD

       Plaintiff,

   v.                   MEMORANDUM AND ORDER

MAIL BOXES, ETC. USA, INC.,
MAIL BOXES ETC., INC.; BSG
HOLDINGS, INC.; BSG HOLDINGS
SUBSIDIARY, INC.; and WESLEY
DAVIS and SONYA DAVIS, doing
business as MBE #1614 on
behalf of themselves and as
Defendant Class
Representatives on behalf of
all Mail Boxes, Etc. Inc.
franchisees,

       Defendants.

----oo0oo----

Defendants move to stay this action pending the
resolution of the Judicial Panel on Multidistrict Litigation's
determination whether to transfer this action to a multidistrict
litigation proceeding pending in the Southern District of New
York.  Plaintiff Wayne Smith opposes a stay and moves to remand

1

34

1  this case to Sacramento County Superior Court.

2  I.   Factual and Procedural Background

3          On February 10, 2000, plaintiff brought this action as
4  a purported class action lawsuit in Sacramento County Superior
5  Court against Mail Boxes Etc. USA, Inc., asserting various
6  consumer protection claims under state law on behalf of
7  California residents who purchased "excess value" insurance
8  coverage when shipping packages through the defendant.   On
9  November 13, 2001, plaintiff filed a Second Amended Complaint,
10 asserting state law claims against the following defendants: Mail
11 Boxes Etc. USA, Inc. and its corporate successors-in-interest,
12 BSG Holdings, Inc. and BSG Holdings Subsidiary, Inc.; Mail Boxes
13 Etc., Inc.[1] ("New MBE"), a subsidiary of United Parcel Service,
14 Inc. ("UPS"); and Wesley Davis and Sonya Davis, dba MBE # 1614.
15 Plaintiff also expanded the proposed California resident
16 plaintiff class to a proposed nationwide class.

17         On December 11, 2001, New MBE filed a notice of removal

18

19 ─────────────

20         [1]   At the time the original complaint was filed, the
   franchisor of Mail Boxes Etc. Centers was BSG Holdings
21 Subsidiary, Inc., then known as "Mail Boxes Etc. USA, Inc.", a
   California Corporation which was owned by BSG Holdings, Inc.,
22 then known as "Mail Boxes Etc.," a California corporation, which
   was owned by U.S. Office Products, Inc. ("USOP") (New MBE's Opp'n
23 at 5).   In April 2001, United Parcel Service General Services
   Co., an indirect wholly owned subsidiary of United Parcel
24 Service, Inc., a Delaware corporation ("UPS") acquired from USOP
   substantially all of the assets of BSG Holdings, Inc. (then known
25 as Mail Boxes Etc.) and BSG Holdings Subsidiary, Inc. (then known
   as Mail Boxes Etc. USA, Inc.).   UPS created an indirect wholly
26 owned subsidiary to hold its new assets, which is now known as
   Mail Boxes Etc., Inc. ("New MBE"), a Delaware corporation.
27 Defendants indicate that the purchase agreement provided that
   UPS/New MBE would not assume liability for "pre-closing claims,"
28 including liability arising from this suit.   (Herskowitz Decl. ¶¶
   3-4).

                                  2

1 and a motion to stay.[2]  Concurrent with the filing of the stay
2 motion, UPS filed with the Judicial Panel on Multidistrict
3 Litigation ("MDL Panel") a Notice of Additional Action Related to
4 In Re United Parcel Service, Inc., Excess Value Insurance
5 Coverage Litigation, a consolidated multidistrict proceeding in
6 the Southern District of New York.  On January 11, 2002 the MDL
7 Panel issued a Conditional Transfer Order.[3]

8         Defendants move to stay this action, arguing that the
9 MDL Panel is likely to transfer this suit to the MDL Proceedings
10 because both actions arise from a common core of overlapping
11 facts.[4]  Defendants contend that a stay of this action would
12 promote efficiency by preventing the unnecessary use of judicial
13 resources, eliminating the potential for inconsistent rulings on
14 pretrial motions, eliminate the burden of duplicative discovery,
15 and reduce the overall costs for the parties.  (New MBE Mot. to
16 Stay at 2).  Defendants note that at least sixteen district
17 courts have entered orders staying similar excess value class
18 actions against UPS pending the determination of an MDL transfer.
19 (Id. at 10).

20         Plaintiff argues that removal of this action was
21 procedurally defective and moves to remand it to state court.  He
22 contends that the failure of the Mail Boxes Etc. USA, Inc., the

23

24     [2]     The remaining defendants have consented to removal.

25     [3]     The MDL Panel has set a hearing to consider plaintiff's
26 objections to the Conditional Transfer Order without oral
argument on March 21, 2002.

27     [4]     New MBE filed the motion to stay, which has been joined
28 by the remaining defendants.  All defendants also oppose
plaintiff's motion to remand.

3

1  first-served defendant, to initially remove this action when it

2  was served with plaintiff's complaint in February 2000 estops it

3  from joining New MBE's notice of removal and/or waives the other

4  defendants' right of removal.  (Pl.'s Mot. to Remand at 7-10).

5  II.  <u>Discussion</u>

6          A district court's power to stay proceedings "is

7  incidental to the power inherent in every court to control the

8  disposition of the [cases] on its docket with economy of time and

9  effort for itself, for counsel, and for litigants."  <u>Landis v.</u>

10 <u>North American Co.</u>, 299 U.S. 248, 254 (1936).  Where an action

11 may be transferred by the MDL Panel to a consolidated MDL

12 proceeding, some courts have determined that a stay of the action

13 is appropriate if it serves the interests of judicial economy and

14 efficiency.  <u>See, e.g.</u>, <u>Rivers v. Walt Disney Co.</u>, 980 F. Supp.

15 1358, 1360-61 (C.D. Cal. 1997) (staying action pending transfer

16 decision by MDL panel after finding that judicial resources would

17 be conserved and defendant would not be prejudiced); <u>Weinke v.</u>

18 <u>Microsoft Corp.</u>, 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000)

19 (staying action, including remand motion, pending MDL Panel

20 transfer decision after finding that a stay would serve the

21 interests of judicial economy and avoid inconsistent results in

22 multiple venues); <u>Tench v. Jackson Nat'l Life Ins. Co.</u>, No. 99 C

23 5182, 1999 U.S. Dist. LEXIS 18023, at *5 (N.D. Ill. Nov. 10,

24 1999) (same).

25         Motions for transfer pending before an MDL Panel do

26 not, however, limit the pretrial jurisdiction of the district

27 court.  Rule 1.5 of the Rules of Procedure of the Judicial Panel

28 on Multidistrict Litigation specifies that:

4

> The pendency of a motion, order to show cause,
> conditional transfer order or conditional remand order
> before the Panel concerning transfer or remand of an
> action pursuant to 28 U.S.C. § 1407 does not affect or
> suspend orders and pretrial proceedings in the district
> court in which the action is pending and does not in
> any way limit the pretrial jurisdiction of that court.

J.P.M.L. R. 1.5 (2001).  In circumstances where the jurisdiction

of the court is at issue, several courts have determined that

jurisdictional issues should be resolved before the court

determines if a stay is appropriate.  Good v. Prudential Ins. Co.

of Am., 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (granting stay

pending MDL transfer decision after considering jurisdictional

issues in remand motion); Tortola Rest., L.P. v. Kimberly-Clark

Corp., 987 F. Supp. 1186, 1188-89 (N.D. Cal. 1997) (denying stay

motion and addressing merits of motion to remand); Kohl v. Am.

Home Products Corp., 78 F. Supp. 885, 888 (W.D. Ark. 1999)

(granting stay following determination that removal was proper

and denial of remand was warranted); Aetna U.S. Healthcare, Inc.

v. Hoechst Aktiengesellschaft, 54 F. Supp. 2d 1042, 1047 (D. Kan.

1999) (reasoning that preliminary jurisdictional issue should be

determined on motion to remand before court considers staying the

action).

        Here, because plaintiff seeks to remand this action to

state court on the ground that removal by New MBE was

procedurally improper, whether this court has jurisdiction is a

preliminary issue that should be resolved at the outset.  See

Villarreal v. Chrysler Corp., No. C-95-4414, 1996 WL 116832, at

*1 (N.D. Cal. Mar. 12, 1996) (reasoning that "[j]udicial economy

will best be served by addressing the remand issue" instead of

granting a stay "because a determination on this issue will

1  facilitate litigation in the appropriate forum")   Thus, this

2  court addresses the merits of plaintiff's remand motion before

3  considering if a stay is appropriate.

4      A.   Removal Standard

5          A civil action filed in state court that might have

6  been brought originally in federal court may be removed by "the

7  defendant or the defendants."   28 U.S.C. § 1441.   Section 1446(b)

8  sets forth a time limit for removal, providing that "[t]he notice

9  of removal ... shall be filed within thirty days after the

10 receipt by the defendant ... of a copy of the initial pleading."

11 28 U.S.C. § 1446(b).

12         Section 1446(b)'s thirty-day window is readily applied

13 when a single defendant is named in a suit.   A sole defendant who

14 fails remove within thirty days of service waives the right of

15 removal.[5]   Cantrell v. Great Republic Ins. Co., 873 F.2d 1249,

16 1256 (9th Cir. 1989).   The suit thus remains in state court or

17 can be remanded if the removal violated the thirty-day limit.

18 Id.   The thirty-day limitation is also easily applied when there

19 are multiple defendants who are all served within the same thirty

20 day period.   In those cases, the judicially-created "unanimity

21 rule" requires that all defendants join or consent to the removal

22 _____

23      [5]    The Supreme Court clarified that a defendant's time to
   remove begins only after formal service of process.   Murphy
24 Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-
   48 (1999).   In Murphy Brothers, the court held that a defendant's
25 removal period is only "triggered by simultaneous service of the
   summons and complaint, or receipt of the complaint . . . after
26 and apart from service of the summons, but not by mere receipt of
   the complaint unattended by formal service."   Id.   The Court
27 reasoned that "unless a named defendant agrees to waive service,
   the summons continues to function as the sine qua non directing
28 an individual or entity to participate in a civil action or forgo
   procedural or substantive rights."   Id. at 350.

6

1  petition.  <u>Chicago, R. I. & P. Ry. Co. v. Martin</u>, 178 U.S. 245,

2  248 (1900); <u>Parrino v. FHP, Inc.</u>, 146 F.3d 699, 703 (9th Cir.

3  1998); <u>Hewitt v. City of Stanton</u>, 798 F.2d 1230, 1232 (9th Cir.

4  1989).

5       B.   <u>The First-Served and Last-Served Defendant Rules</u>

6         The problem in applying section 1446(b)'s time

7  limitation arises when there are multiple defendants who are

8  either added or served at different times.  Given that the plain

9  language of section 1446(b) refers only to "the defendant," the

10 statute leaves open the question of whether, in a multiple

11 defendant action, the thirty-day window for removal expires after

12 service on the first defendant, or if each defendant is afforded

13 thirty days to remove a case.  <u>See</u> <u>Griffith v. American Home</u>

14 <u>Products Corp.</u>, 85 F. Supp. 2d 995, 997 (E.D. Wash. 2000)

15 (finding that related question left open is whether first-served

16 defendant, by failing to remove within thirty day period, waives

17 right to consent to removal by later-served defendant).

18        Here, plaintiff argues that the failure of Mail Boxes

19 Etc. USA, Inc. to remove this action within thirty days after it

20 was served in February 2000, renders New MBE's removal notice

21 untimely and prevents removal to this court.  (Pl.'s Mot. at 9).

22 In order to accept plaintiff's argument, this court would have to

23 apply the "first-served defendant" rule, which holds that the

24 thirty-day limit on filing a removal petition under section

25 1446(b) begins to run from the time of service on the first-

26 served defendant.  Defendant argues that this court should apply

27 the "last-served defendant" rule, which holds that each defendant

28 has thirty days from the time it was served to remove an action.

1    Several cogent rationales have been expressed in
2 support of both the first-served defendant rule and the last-
3 served defendant rule. See, e.g., Uriarte v. R. & J. Machinery,
4 No. C 00-03196, 2000 U.S. Dist. LEXIS 18084, at *6 (N.D. Cal.
5 Dec. 4, 2000) (reasoning that first-served view is supported by
6 principle of strict construction of removal statute against
7 removal and interest in settling litigation forum early, while
8 last-served rule eliminates unfairness to later-served defendant
9 and is not inconsistent with language of removal statute).

10    Neither the Supreme Court nor the Ninth Circuit have
11 squarely addressed the issue of which of these two rules applies,
12 and district courts in the Ninth Circuit have diverged in
13 applying the thirty-day limit to multiple defendant actions.[6]
14 Compare Dunn v. Gaiam, Inc., 166 F. Supp. 2d 1273, 1278-79 (C.D.
15 Cal. 2001) ("Once the right to removal is waived, it is generally
16 waived for all time (and for all defendants), regardless of
17 subsequent changes in the case."), with Goularte v. Abex Corp.,
18 No. 97-1265, 1997 WL 294397, at *2  (N.D. Cal. May 28, 1997)
19 ("Although a "first-served" defendant may waive its own right to
20 remove by failing to timely do so, [§ 1446(b)] does not place a
21 time limit on consent to removal ... [c]reating such a limit

22 _____

23    [6]    Defendants criticize plaintiff's reliance on Cantrell
   v. Great Republic Insurance Company, 873 F.2d 1249, 1256 (9th
24 Cir. 1989), in which the Ninth Circuit rejected as untimely a
   notice of removal filed by a defendant served in an amended
25 complaint over a year after service on the original defendant.
   This court agrees that Cantrell is distinguishable from the
26 instant case because there, the newly served defendant had
   actively participated in the original state court litigation
27 before being formally added to the amended complaint.  Id.  Here,
   New MBE did not act as a party to plaintiff's suit until it was
28 served with his Second Amended Complaint in December 2001. (New
   MBE's Opp'n at 11-12).

8

1   would effectively remove the protections of the removal statutes
2   from defendants who have the misfortune to be served late in the
3   action.").

4          Although several decisions refer to the first-served
5   rule as the majority rule and the last-served rule as the
6   minority rule, see for example, McAnally Enterprises, Inc. v.
7   McAnally, 107 F. Supp. 2d 1223, 1227-29 (C.D. Cal. 2000); Olsen
8   v. Foundation Health Plan, No. C 99-1804, 1999 WL 390842, at *2-3
9   (N.D. Cal. June 11, 1999); Innovacom, Inc. v. Haynes, No. C 98-
10  0068, 1998 WL 164933, at *2 (N.D. Cal. Mar. 17, 1998), it is not
11  entirely clear to this court that the first-served interpretation
12  constitutes the majority rule.  While the majority of the
13  published district court decisions have adopted the first-served
14  rule, the body of published orders does not necessarily
15  constitute a representative sample of actual decisions on this
16  issue.

17         Furthermore, the last-served rule has been adopted by
18  more appellate courts than the first-served rule.  While the
19  Fifth Circuit is the only appeals court to have explicitly
20  adopted the first-served rule, Brown v. Demco, 792 F.2d 478, 482
21  (5th Cir. 1986), the Sixth and Eighth circuits have concluded
22  that the last-served interpretation is the better view.[7]  Marano
23

24         [7]   The Fourth Circuit has created a limited exception to
25  the first-served defendant rule, permitting a later-served
    defendant, who is served within the first-served defendant's
26  thirty day window, thirty days to decide whether to join in an
    otherwise valid removal petition.  McKinney v. Board of Trustees
27  of Maryland Community College, 955 F.2d 924, 928 (4th Cir. 1992).
    However, the Fourth Circuit noted in McKinney that a defendant
28  served after the first-served defendant's removal period cannot
    remove the action.  Id. at 926 n.3.

                            9

1  Enterprises of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753,

2  755-57 (8th Cir. 2001); Brierly v. Alusuisse Flexible Packaging

3  Inc., 184 F.3d 527, 533 (6th Cir. 1999).  The Seventh Circuit has

4  also questioned the soundness of the first-served rule in dictum.

5  Phoenix Container, L.P. v. Sokoloff, 235 F.3d 352, 353-55 (7th

6  Cir. 2000).

7        C.  Analysis

8            Some courts have suggested that the first-served rule

9  is consistent with the principle of strict statutory construction

10 and Congressional intent to limit removal jurisdiction.  Brown,

11 792 F.2d at 482.  However, the plain language of section 1446(b)

12 does not establish or even imply that the right to removal is

13 waived by subsequent defendants upon the first-served defendant's

14 failure to remove.  See Brierly, 184 F.3d at 533 ("[A]s a matter

15 of statutory construction, holding that the time for removal

16 commences for all purposes upon service of the first defendant

17 would require us to insert 'first' before 'defendant' into the

18 language of the statute.").

19           The legislative history underlying the removal

20 provisions is equally inconclusive.  See Griffith v. Am. Home

21 Prod. Corp., 85 F. Supp. 2d 995, 1001 (E.D. Wash. 2000)

22 (reasoning that the fact that a defendant served after a case has

23 been removed may move to remand under section 1448 suggests that

24 "Congress was not as concerned with establishing the forum of the

25 suit early in the litigation as proponents of the first-served

26 defendant rule would argue").  Because principles of statutory

27 construction and legislative intent do not unequivocally resolve

28 this issue, the court is inclined to examine the policy

10

1    justifications in support of each rule in order to arrive at the
2    proper interpretation.

3                This court is unpersuaded by the arguments offered in
4    support of the first-served rule.  One of the strongest arguments
5    in favor of the first-served rule is that unless it is applied,
6    defendants would have a second opportunity to forum-shop and
7    further delay litigation.  <u>Brown</u>, 792 F.2d at 482.  Courts
8    espousing this argument ignore the fact that, as in this case, a
9    newly added defendant is often entirely unrelated to the original
10   defendant, and did not have the opportunity to choose a federal
11   forum in the first place.  The prejudice imposed by the first-
12   served rule upon a newly added defendant generally outweighs any
13   potential inconvenience that may result from delay.  Regardless
14   of whether the action is removed, delay will inevitably accompany
15   a plaintiff's decision to add a new defendant late in the
16   litigation, including delay associated with amending the
17   complaint and conducting more discovery.

18               The argument that a first-served defendant who waives
19   the right to remove also waives the right to consent to a
20   subsequently-filed removal petition is equally unconvincing.
21   <u>Uriarte</u>, 2000 U.S. Dist. LEXIS 18084, at *5.  This argument
22   equates the right to remove with the right to consent to removal,
23   a view that is not supported by the language of the removal
24   statute.  28 U.S.C. § 1446.  This view is also not compelled by
25   the unanimity rule, which merely requires that all defendants
26   consent to a removal petition.  <u>Hewitt</u>, 798 F.2d at 1232.  The
27   unanimity rule does not specify that only the first-served
28   defendant can file a removal petition. <u>Martin</u>, 178 U.S. at 248.

1    Even courts that have adopted the first-served rule
2  acknowledge that its application may be inequitable in
3  circumstances where a plaintiff manipulates service to prevent
4  removal.  Brown, 792 F.2d at 482.  Those courts are assuaged by
5  the "exceptional circumstances" exception, which permits removal
6  by a later-served defendant in cases where a plaintiff abuses the
7  rule by timing service to prevent removal or otherwise acts in
8  bad faith.  Biggs Corp. v. Wilen, 97 F. Supp. 2d 1040, 1045 (D.
9  Nev. 2000).

10    As a practical matter, this exception is more easily
11 stated than applied.  In order to determine when to invoke the
12 exception, district courts would be compelled to make factual
13 determinations about the propriety of a plaintiff's intent and
14 strategic litigation decisions.  Given that removal petitions and
15 motions to remand are typically filed at an early stage, before
16 substantial discovery has been conducted, it is unlikely that
17 courts would be disposed to make such determinations.  In
18 Prescott v. Memorial Med. Center-Livingston, the district court
19 pointed out that the Fifth Circuit, which articulated the
20 "exceptional circumstances" exception, "has never published an
21 opinion in which it either found exceptional circumstances or
22 further defined the term"  No. 9:00CV-00025, 2000 WL 532035, at
23 *5 (E.D. Tex. Mar. 25, 2000).[8]  The court also noted that
24 "[d]istrict courts throughout the country have rarely found
25 exceptional circumstances significant enough to prevent remand."

26
27    [8]    See also C. Todd Hagins, Sands in an Hourglass: Solving
   The Puzzle of Time Limits for Removal to Federal Court, 68 Def.
28 Couns. J. 421, 425 (2001).

12

1  Id.  This exception is thus not a practical solution to the
2  prejudice that may befall later-served defendants under the
3  first-served rule.

4         This court is convinced that the last-served rule best
5  balances fairness considerations to both plaintiffs and
6  defendants.  The rule discourages plaintiffs from manipulating
7  service in order to prevent an otherwise removable case from
8  being litigated in federal court.  Ford, 857 F. Supp. at 710.
9  Inevitably, plaintiffs who wish to keep a case in state court
10 will be tempted to first serve a defendant who is unsophisticated
11 in federal court practice and is unlikely to remove.  The failure
12 of this defendant to remove within thirty days should not
13 foreclose the right of a later-served defendant to remove, given
14 that the latter had no control over the first-defendant's removal
15 decision.  Id.

16        The last-served rule encourages a plaintiff who seeks
17 to settle the forum early in the litigation to identify all
18 defendants and serve them promptly.  By joining all defendants at
19 the outset, the plaintiff will minimize the uncertainties that
20 may arise from later adding defendants.  As the Eighth Circuit
21 reasoned in Marano, it is the plaintiff who bears the
22 responsibility of identifying and serving all defendants.  254
23 F.3d at 755 n.3.  The last-served rule maintains a plaintiff's
24 control over when and where a case is filed and which defendants
25 are named, but also ensures that no defendant is prejudiced by
26 being forced to waive its rights before being formally added to
27 the action.

28        The last-served rule is also more equitable because it

13

1  affords each defendant the same procedural rights provided to
2  earlier-served co-defendants.  It has been argued that the first-
3  served rule does not prejudice a last-served defendant because he
4  is in no worse position than he would have been if an earlier-
5  served defendant had declined to join in removal.  Brown, 792
6  F.2d at 482.  While this argument has some superficial appeal, it
7  is unpersuasive.  A newly added defendant should at least be
8  afforded the opportunity to try to persuade other defendants to
9  join in a removal petition, and the remaining defendants should
10  not be precluded from consenting to removal.  Various
11  considerations that may not affect a defendant's initial decision
12  about removal come into play when a later-served defendant is
13  added to the suit.

14       Furthermore, the last-served rule does not circumvent
15  the unanimity requirement, as it still gives any defendant who
16  wishes to remain in state court the right to refuse to consent to
17  another defendant's removal notice.  Ford, 857 F. Supp. at 709-
18  10.

19       If it were simply a question of which rule better fits
20  the equities of this particular case, perhaps the court would be
21  inclined to find in favor of plaintiff.  However, this court's
22  responsibility is to apply a single rule which takes into account
23  the rights and potential prejudice to all parties in all multiple
24  defendant actions.  There cannot be one rule that applies in one
25  case and another rule that applies in another case depending on
26  the equities of the particular case.  The rule allowing each
27  defendant to attempt to remove a case with the consent of the
28  remaining defendants within thirty days after service is the rule

14

1  that best serves these interests.

2       Under this analysis, New MBE's notice of removal was

3  timely and this case was properly removed.[9]

4       IT IS THEREFORE ORDERED that plaintiff's motion to

5  remand be, and the same hereby is, DENIED.

6       IT IS FURTHER ORDERED that all proceedings in this case

7  are STAYED pending determination by the MDL panel on a transfer

8  of this action.  Defendants shall notify the court within five

9  (5) days after receiving notice from the MDL Panel of the

10  disposition of objections to the Conditional Transfer Order.

11  DATED: March 19, 2002

12

                              WILLIAM B. SHUBB
13                            UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

_____

27    [9]    Because this case is stayed pending resolution of the
MDL Panel's transfer decision, this court does not address the
28  issue of federal question jurisdiction.

                              15

United States District Court
for the
Eastern District of California
March 19, 2002


* * CERTIFICATE OF SERVICE * *


                                    2:01-cv-02271


Smith

    v.

Mail Boxes USA Inc

_____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  March 19, 2002, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.


        Kevin P Roddy                      SH/WBS
        Hagens Berman
        611 West Sixth Street
        16th Floor
        Los Angeles, CA  90017-3101

        Tracey Stevens BuckWalsh
        Law Office of Tracey Buck-Walsh
        6 Reyes Court
        Sacramento, CA  95831

        Alan G Perkins
        Wilke Fleury Hoffelt Gould and Birney
        400 Capitol Mall
        22nd Floor
        Sacramento, CA  95814

        Daniel L Egan
        Wilke Fleury Hoffelt Gould and Birney
        400 Capitol Mall
        22nd Floor
        Sacramento, CA  95814

Paul T Friedman
Morrison and Foerster LLP
425 Market Street
San Francisco, CA  94105-2675

Jack L. Wagner, Clerk

BY: _L. Mena-Sanchez_
Deputy Clerk